UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TERRY OFORI, #1165768,**

        Petitioner,

v.                                Civil Action No. 2:12cv290

**HAROLD W. CLARK,**
Director, Virginia Department of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by the Circuit Court of Fairfax County on October 26, 2000 of escape and sentenced to one year in prison. His present petition challenges his guilty plea and conviction. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure the matter was referred to the undersigned for a report and recommendation. Because the petition is time-barred, the undersigned recommends it be dismissed.

### I.   STATEMENT OF THE CASE

Petitioner, Terry Ofori ("Petitioner" or "Ofori"), while serving a 30-year sentence for two counts of rape, was also

1

convicted of escape on October 26, 2000 in the Circuit Court of Fairfax County. He was sentenced to serve one year in prison. (ECF No. 11-1). Ofori did not appeal his conviction and the judgment of the Court became final on November 25, 2000.

In May, 2008, more than seven years after the order of conviction became final, Ofori filed a writ of habeas corpus in the Circuit Court of Fairfax County (ECF No. 11-2), which was dismissed no July 25, 2008 as being time-barred. (ECF No. 11-3). Ofori then petitioned to appeal the state habeas denial to the Supreme Court of Virginia which refused the appeal on August 21, 2009. (ECF No. 11-4).[1]

On January 30, 2012, over 11 years after the trial court's order of conviction, Ofori filed another petition for a writ of habeas corpus in the Supreme Court of Virginia which was dismissed on March 6, 2012 as time-barred. (ECF No. 11-10).

On May 8, 2012, Ofori, proceeding pro se´, signed the present habeas petition, which was received and filed by this Court on May 25, 2012. (ECF No. 1). Ofori's federal petition is apparently his first federal habeas challenge of the 2000 conviction for escape. He asserts eight claims: (Claim 1) his plea of guilty is void; (Claim 2) the trial court lacked personal jurisdiction over him; (Claim 3) he was denied right to

---

[1] Ofori has filed a variety of other state civil actions challenging his convictions, each of which was eventually dismissed. (ECF No. 11-5, 6, 7, 8).

2

a direct appeal; (Claim 4) void judgment orders were unlawfully imputed to him; (Claim 5) he was denied equal protection; (Claim 6) ineffective assistance of counsel; (Claim 7) extrinsic fraud was committed on the trial court; and (Claim 8) the Virginia statute of limitations is unlawful. (ECF No. 1 at 5-17).

Respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 9-10). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Petitioner was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filing. Ofori filed a response in opposition to Respondent's Motion to Dismiss. (ECF No. 14). Respondent did not file a reply and the deadline for replying has now passed. Respondent's Motion to Dismiss is therefore ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Ofori's petition is time-barred.

Ofori's habeas petition is time-barred. The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) establish a one-year limitation period for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after the latest of: (i) the

3

date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A) - (D).

The time period during which State post-conviction or other collateral review is pending, tolls the limitation period. 28 U.S.C. § 2244(d)(2). In order for tolling to occur, an application for review must be "properly filed." Id. "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (deciding that properly filed includes timely filing).

In the present case, judgment was entered against Ofori in the Circuit Court of Fairfax County on October 26, 2000. He did not appeal, and therefore, his conviction became final on November 25, 2000. Va. Sup. Ct. R. 5A:6. No state collateral proceeding was filed with respect to this conviction until more than seven years after his conviction became final. Absent any tolling provisions, Ofori had until November 25, 2001 to file his federal habeas petition.

On May 25, 2012, more than 10 years after the limitations period expired and more than 11 years after the trial court's conviction date, Ofori filed the instant federal habeas

4

petition. Because more than a year had elapsed between the accrual of the federal habeas statute of limitations and Ofori's filing in this Court, his present habeas petition is barred by the one-year limitation period mandated by § 2244(d)(1).

Ofori asserts his default should be excused because he did not have knowledge of the factual basis of some of his claims before January 26, 2011. (ECF No. 1 at 20); 28 U.S.C. § 2244(d)(1)(D). Section § 2244(d)(1)(D) extends the statute of limitations in cases when a factual predicate "could not have been discovered through the exercise of due diligence." In such circumstances, habeas petitioners may file timely claims based on the newly discovered evidence within one year.

Ofori states he received records from the Fairfax County Circuit Court which support some of his claims. He argues this factual predicate could not have been discovered until January 26, 2011. (ECF No. 14 at 1). Even accepting Ofori's conclusory claim regarding the records produced to him in January, 2011, his federal claim filed in May, 2012 would be untimely. Moreover, Ofori does not explain why he could not have obtained those records less than ten years after his conviction. By his own admission he filed numerous civil actions post-conviction and could have sought those records at any time. Therefore, delayed knowledge of the factual predicate of Ofori's claims would not extend the statute of limitations prescribed by §

5

2244, to render his filing timely. Accordingly, Ofori's habeas petition is time-barred, unless there is some basis to equitably toll the limitations period.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Florida, 130 S.Ct. 2549, 2254 (2010). A petitioner is entitled to equitable tolling only if it is shown: (1) that petitioner has been diligently pursuing his rights; and (2) that extraordinary circumstances stood in the way of timely filing. Id. at 2562. The undersigned's review of the record has not disclosed any facts which would entitle Ofori to equitable tolling. Accordingly, his habeas petition is time-barred and should be dismissed.

### III. RECOMMENDATION

Because Ofori's habeas petition is time-barred and he has presented no factual basis upon which to excuse or extend the statute of limitations, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and Ofori's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and

recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 9, 2012